Jane N. Kespradit, Esq. (SBN 270124)
**LIMNEXUS LLP**
707 Wilshire Boulevard, 46th Floor
Los Angeles, CA 90017
Tel: (213) 955-9500 | Fax: (213) 955-9511
Jane.Kespradit@LimNexus.com

Attorney for Defendant, Wal-Mart Associates, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| FAIRLANE MAE FULAY JONES,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART ASSOCIATES, INC., a Delaware corporation and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No. 5:22-CV-1771<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT WAL-MART ASSOCIATES, INC.**<br><br>[28 U.S.C. §§ 1441 and 1446] |

## Table of Contents

Page

STATEMENT OF JURISDICTION ................................................................................ 1

VENUE .......................................................................................................................... 1

PLEADINGS, PROCESS, AND ORDERS ................................................................... 1

TIMELINESS OF REMOVAL ...................................................................................... 3

DIVERSITY JURISDICTION ....................................................................................... 4

   A. Complete Diversity of Citizenship Exists ........................................................... 5

   B. The Amount in Controversy Exceeds $75,000 ................................................... 6

NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY ............................... 7

CONCLUSION ............................................................................................................... 8

<u>Table of Authorities</u>

**<u>CASES</u>**                                                                 <u>Page(s)</u>

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
*Harris v. Bankers Life & Cas. Co.*,
   425 F.3d 689 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*Huffman v. Saul Holdings LTD. Partnership*,
   194 F.3d 1072 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*LeBlanc v. Cleveland*,
   248 F.3d 95 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*Lew v. Moss*,
   797 F.2d 747 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*Lovern v. General Motors Corp.*,
   121 F.3d 160 (4th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6
*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*State Farm Mut. Auto. Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**<u>STATUTES</u>**

28 U.S.C. § 84(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
28 U.S.C. § 1332(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6
28 U.S.C. § 1332(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
28 U.S.C. § 1332(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
28 U.SC. § 1441(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7
28 U.S.C. §1441(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5
28 U.S.C. § 1441(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
28 U.SC. § 1446 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
28 U.SC. § 1446(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2
28 U.S.C. § 1446(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4
28 U.S.C. § 1446(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**TO THE CLERK OF THE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant WAL-MART ASSOCIATES, INC., ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446.

### STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the statute grants courts original jurisdiction over civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, it is a civil action between citizens of different states, and no defendant is a citizen of the State of California. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice of Removal ("Notice").

### VENUE

2. The action was filed in the Superior Court of the State of California, County of San Bernardino ("San Bernardino County Superior Court"). Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84(c), and 1441(a) and 1446(a).

### PLEADINGS, PROCESS, AND ORDERS

3. On October 8, 2021, Plaintiff Fairlane Mae Fulay Jones ("Plaintiff") commenced this action by filing a Complaint in the San Bernardino County Superior Court, entitled *Fairlane Mae Fulay Jones vs. Wal-Mart Associates, Inc., and DOES 1-20, inclusive*, and designated San Bernardino County Superior Court Case No. CIVSB2126785 ("Complaint"). *See* Declaration of Jane N. Kespradit ("Kespradit Decl."), ¶ 2, Exhibit 1.

4. The Complaint asserts the following causes of action: (1) Discrimination in Violation of the California Family Rights Act; (2) Disability Discrimination in Violation of the Fair Employment and Housing Act; (3) Failure to Provide Reasonable Accommodations in Violation of the Fair Employment and Housing Act; (4) Failure to Engage in a Good Faith Interactive Process in Violation of the Fair Employment and Housing Act; (5) Retaliation in Violation of the Fair Employment and Housing Act; (6) Failure to Prevent Discrimination and Retaliation in Violation of the Fair Employment and Housing Act; and (7) Wrongful Termination in Violation of Public Policy. *See id*.

5. On November 15, 2021, Plaintiff served on Defendant, through Defendant's agent for service of process: (1) the Summons and Complaint; (2) a Civil Case Cover Sheet; (3) A Certificate of Assignment; (4) a Notice of Trial Setting Conference; (5) a Blank Initial Trial Setting Conference Form; (6) and a Notice of Case Assignment. *See id*.

6. On December 29, 2021, Defendant filed its Answer to the Complaint with the San Bernardino County Superior Court and served a copy of the Answer on Plaintiff. *See* Kespradit Decl., ¶ 3, Exhibit 2.

7. All other pleadings and process that have been filed or received by Defendant in this action are attached collectively as Exhibit 3 to the Kespradit Declaration. *Id.*, ¶ 4, Exhibit 3.

8. As of the date of this Notice, no other parties have been named or served with the Summons and Complaint in this action. *See* Kespradit Decl., ¶ 5.

9. The documents attached as Exhibits 1, 2 and 3 to the Kespradit Declaration constitute all pleadings, process, and orders served on or filed by Defendant in this action. Their attachment satisfies the requirements of 28 U.S.C. section 1446(a). Moreover, to Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed with the San Bernardino County Superior Court or served by any party other than as described above. *See* Kespradit Decl., ¶ 6.

**TIMELINESS OF REMOVAL**

10.   Notice of removability is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (removal was timely because defendant had no duty to investigate the initial pleading where it was "indeterminate" with respect to removability). Where removability is not evident from the face of the initial pleading, the notice of removal may be filed within thirty days after the defendant receives "a copy of…other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see* 28 U.S.C. § 1446(b).

11.   Here, it is not evident from the four corners of the Complaint that the amount in controversy exceeds $75,000, exclusive of interests and costs, as required for diversity jurisdiction. The Complaint contains no factual allegation of damages in any specified amount, and Plaintiff does not pray for damages in any specified amount. *See* Complaint at Exhibit 1 to Kespradit Decl., ¶ 2. Thus, the removal period did not begin to run upon Defendant's receipt of the initial pleading. Rather, the removal period would only begin to run upon the receipt of "other papers" from which Defendant could first ascertain removability.

12.   For purposes of removal, "other papers" can consist of discovery. *See, e.g., Lovern v. General Motors Corp.,* 121 F.3d 160, 161 (4th Cir. 1997) (diversity of citizenship disclosed in plaintiff's answers to interrogatories); *Huffman v. Saul Holdings LTD. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999) (deposition testimony taken during the course of litigation in the state court action qualifies as an "other paper" for removal purposes).

13.   On July 14, 2022, Defendant served on Plaintiff Special Interrogatories, Set One, which sought, *inter alia*, the amount of income that Plaintiff contends she allegedly lost as a result of Defendant's conduct. *See* Kespradit Decl., ¶ 7, Exhibit 4.

///

14. On August 23, 2022, Defendant received Plaintiff's Responses to Special Interrogatories, Set One ("Plaintiff's Responses to Special Interrogatories"). These responses did not include information from which Defendant could readily ascertain that the amount in controversy exceeded $75,000. *See* Kespradit Decl., ¶ 8, Exhibits 5-6.

15. On September 30, 2022, Defendant received Plaintiff's Supplemental Responses to Special Interrogatories, Set One ("Plaintiff's Supplemental Interrogatory Responses"). In these responses, Plaintiff states that she: (1) has lost "approximately $25,935.36 up to the date of this response"; and (2) "estimates her future loss will last at least 7 years totaling approximately $143,037.44." *See* Kespradit Decl., ¶ 9, Exhibit 7.

16. Defendant first ascertained that the amount in controversy exceeds $75,000, and that this action therefore is one which is removable, through receipt of Plaintiff's Supplemental Interrogatory Responses. *See* Kespradit Decl., ¶ 10. As such, the removal period began to run upon Defendant's receipt of Plaintiff's Interrogatory Responses.

17. This Notice is timely filed because it is filed within thirty days of September 30, 2022, the date of service of Plaintiff's Supplemental Interrogatory Responses, and within one year from the commencement of this action. *See* 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

18. Section 1332(a) of the United States Code provides in relevant part that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of different States…." 28 U.S.C. § 1332(a).

19. This Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and Defendant may remove this action to this Court

pursuant to 28 U.S.C. § 1441(b), because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A.  Complete Diversity of Citizenship Exists

18.  For diversity purposes, an individual is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Citizenship is determined at the time the lawsuit was filed. *LeBlanc v. Cleveland,* 248 F.3d 95, 100 (2d Cir. 2001). Plaintiff's residence is *prima facie* evidence of domicile. *See Lew v. Moss,* 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 519-520 (10th Cir. 1994) (a party's residence is prima facie evidence of domicile for purposes of determining citizenship). Here, Plaintiff alleges in her Complaint that Plaintiff, at all times relevant to this action, resided in Chino Hills, California." *See* Kespradit Decl., ¶ 2, Exhibit 1, Complaint at ¶ 1. There has been no indication by Plaintiff that she no longer resides in California. *See, e.g.,* Verification signed by Plaintiff at Exhibit 7 to Kespradit Decl., ¶ 9. Thus, Plaintiff is a citizen of California.

19.  For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id*.

20.  Defendant is now and was at the time this action commenced in state court, a citizen of a state other than California. First, Defendant is a Delaware corporation, and so it is a citizen of Delaware. *See* Kespradit Decl. ¶¶ 11-12, Exhibits

8-9. Second, Defendant's headquarters and corporate offices are located in Bentonville, Arkansas, which is where its officers and directors perform the company's executive and administrative functions. *See id*. Because Defendant's principal place of business is Arkansas, it also is a citizen of Arkansas for diversity purposes. Thus, Defendant is a citizen of the States of Delaware and Arkansas for purposes of diversity jurisdiction.

21. No other party has been named or served as the date of this removal. *See* Kespradit Decl. ¶ 5. The presence of Doe defendants in this case has no bearing on diversity for removal purposes. 28 U.S.C. § 1441(b)(1) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered).

22. Thus, as set forth above, Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Arkansas. Accordingly, complete diversity exists among and between the parties.

### B. The Amount in Controversy Exceeds $75,000

23. This Court has jurisdiction over this case because the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

24. Plaintiff's Interrogatory Responses clearly establish that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction. In measuring the amount in controversy, courts may look to "documents exchanged in the case by the parties…." *Lovern, supra,* 121 F.3d at 161 (diversity of citizenship disclosed in plaintiff's answer to interrogatories). Here, Plaintiff claims that as of September 30, 2022, she lost "approximately $25,935.36 up to the date of this response," and Plaintiff "estimates her future loss will last at least 7 years totaling approximately $143,037.44." *See* Kespradit Decl., ¶ 9, Exhibit 6.

25. In addition to these damages, Plaintiff seeks unspecified amounts for attorney's fees and punitive damages as well as an unspecified amount for emotional distress. *See* Kespradit Decl., ¶ 2, Exhibit 1, Prayer to Complaint. Plaintiff's potential recovery of the foregoing damages demonstrates that the jurisdictional threshold for removal is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (emotional distress damages are included in determining amount in controversy); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

26. In sum, although Defendant does not concede Plaintiff's claims have any merit, the total relief Plaintiff seeks in damages exceeds the $75,000 jurisdictional requirement, exclusive of interest and costs. The Court therefore has original jurisdiction over Plaintiff's claims in this action based on diversity jurisdiction under 28 U.S.C. sections 1332(a)(1) and 1441(a).

## NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY

27. Pursuant to 28 U.S.C. section 1446(d), Defendant is providing written notice of this removal to Plaintiff, Plaintiff's counsel, and a copy of this notice to the Clerk of the San Bernardino County Superior Court.

28. A copy of the Notice of Removal will also be filed with the Clerk of the San Bernardino County Superior Court.

///
///
///
///
///
///
///
///

## CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action from the San Bernardino County Superior Court to the United States District Court for the Central District of California, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated: October 7, 2022         L<small>IM</small>N<small>EXUS</small> LLP

                              By:   */s/ Jane N. Kespradit*
                                    Jane N. Kespradit
                                    Attorneys for Defendant, Wal-Mart Associates Inc.